**FINANCIAL RELIEF LEGAL ADVOCATES, INC.**
John H. Bauer (SBN. 91471)
4501 Cerritos Ave., Suite 101
Cypress, CA 90630
Telephone: (714) 319-3446
Email:  johnbhud@aol.com

Proposed Attorney for Debtor,
Maria E. Sanchez

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**MARIA E. SANCHEZ**<br><br><br><br>**Debtor.** | CASE NO.  8:23-BK-12551-TA<br><br>Chapter 11<br><br>**DEBTOR'S FIRST SCHEDULING AND CASE MANAGEMENT CONFERENCE REPORT**<br><br>Date:   January 10, 2024<br>Time:  10:00 a.m.<br>Ctrm:   5B-Virtual<br>Judge: Hon. Theodor Albert<br>Place:  U.S. Bankruptcy Court<br>       411 W. 4th St.<br>       Santa Ana, CA 92701 |

**TO THE HONORABLE JUDGE THEODOR ALBERT; THE OFFICE OF THE U.S. TRUSTEE; THE SECURED CREDITOR, SELECT PORTFOLIO SERVICING; AND ALL OTHER INTERESTED PARTIES:**

    This First Scheduling and Case Management Report ("the Report") is provided by the Debtor and Debtor-in-Possession, Maria E. Sanchez, through her general bankruptcy counsel, Financial Relief Legal Advocates, Inc.  This Report is prepared pursuant to this Court's Order of 12/06/23 requiring Debtor to provide certain factual and legal information described within the

- 1 -

Order. This information is provided, as follows:

   a. a brief description of the debtor's businesses and operations, if any, and the principal assets and liabilities of the estate:

Response: The Debtor owns a dba, Pisoverse & Pisoverse USA ("Pisoverse"), which engages in the design and installation of very ornate, upscale kitchens and baths on a national and international basis. This business operates on an appointment and referral only basis. The company has no physical store located in the U.S. and maintains a physical premises in the country of Ecuador. The company maintains no physical assets in the U.S. except for ownership of tile and supplies on occasion in order to complete a custom job. Debtor's husband, Ronald Andersen, supervises the overall business operations through his California Contractor's License No. 646719. Mr. Andersen was the former owner of one of the largest tile and granite companies in Orange County, CA known as Italgres Italian Ceramic Tile.

Otherwise, Debtor has title to her residential home located at 7 Star Catcher, Newport Coast, CA 92657 ("the subject property"). Debtor's stated value of this property in her petition is $4,192,635., its Orange County Tax Value. In contrast, Ms. Marilyn Sorensen stated during the course of Debtor's recent IDI that her research revealed an approximate valuation of $6.0 million. The 1st loan amount is approximately $3.0 million and there is no secondary financing secured on the home. As such, the residence may have as much as $3.0 million in equity at this time, per Ms. Sorensen. Debtor also owns a Mercedes Benz as her single vehicle with an auto loan from Mercedes in the approximate amount of $26,000. and equity of about $8,000. The petition points out other minor personal property owned by the Debtor.

   b. Brief answers to these questions:

   1. What precipitated the bankruptcy filing?

Response: The bankruptcy was directly precipitated by the First Secured Lender, Select

Portfolio Servicing, ("SPS") denying Debtor's application for a loan modification for her principal residence located at 7 Star Catcher, Newport Beach, CA 92657 and subsequently filing a Notice of Default on October 13, 2023 to foreclose. Debtor suffered a serious business slowdown with the advent of the COVID Virus, which slowdown caused her to miss multiple mortgage payments from mid-2020. Debtor's business conditions and income has improved appreciably within the past 2 years.

2. What does the debtor hope to accomplish in this Chapter 11 case?

<u>Response</u>: The Debtor hopes to procure a reasonable loan modification with SPS such that she can retain her principal residence and cancel the upcoming foreclosure. This loan modification will be made possible through the repayment of loan arrearages to SPS over a period of years at 0% interest. Debtor has already requested per <u>Doc No. 29</u> to commence making its normally scheduled monthly mortgage payments to SPS in the amount of <u>$11,007./month</u> in exchange for a continued stay of SPS' foreclosure proceedings.

3. What are the principal disputes or problems likely to be encountered during the course of the debtor's reorganization efforts?

<u>Response</u>: The first principal dispute concerns the present, accurate balance of the 1st mortgage loan sought to be foreclosed. The second principal dispute concerns reaching an agreement with the 1st Lender for a viable loan modification. The exclusive purpose for the filing of this case is to provide Debtor with a full, fair, and equitable opportunity to procure a viable loan modification to retain her home in Newport Coast.

For point of background, the subject 1st loan was originally modified in 2010. At that time, the loan was contractually divided into two distinct parts—the "principal balance" of $2,240,000. payable at a 4% amortized rate and a "deferred principal balance" of $400,000. + any arrearages, payable at 0% interest, due upon property sale or refinance.

- 3 -

      This loan was subsequently transferred to two different lenders following the modification. In mid-2018, the first bank, Chase Bank, listed unpaid principal of $2,422,887. and a deferred principal balance of $400,000. Debtor does not adequately understand how the unpaid "principal balance" was increased from $2,240,000. to $2,422,887. In mid-2020, Debtor started to incur further business losses as a result of the COVID-19 Virus. The pendency of this Virus very negatively reduced the business income to be derived from her company, Pisoverse USA.

      In late 2022, the loan was again transferred, this time to SPS which now unilaterally increased the Debtor's "Deferred Principal" from $400,000. to $680,782., an increase of $280,782. Yet, upon filing the Notice of Default, SPS claimed that Debtor owed an additional cash deficiency of $293,192. Factually speaking, the additional amount of $293,192 in arrearages appears to be quite similar to the increase in "Deferred Principal" of $280,782. and could therefore reflect inaccurate or even SPS double counting. Debtor will respectfully request an accounting from SPS of her paid principal and interest such that she can fashion repayment of arrearages on an amicable basis to avoid foreclosure.

      4.  How does the debtor recommend that these disputes be resolved and why?

      <u>Response</u>: Debtor recommends, first, that SPS provide an accurate breakdown of the current balance of the loan and a current balance of arrearages. On this basis then, Debtor may propose the payment of the total arrearages over an agreeable long term basis in this Chapter 11 case at 0% interest. Debtor has already proposed, in her recently filed motion for payment of adequate protection, that she be allowed to commence the *normally scheduled mortgage payment of $11,007. per month*. On the basis of the Amended Schedule J budget (filed 12/21/2023), Debtor will be able to securely account for paying of SPS's underlying loan arrearages through the Chapter 11 Plan. Schedule J provides for a budget surplus of $4,735./month, most of which may be used to satisfy the payment of loan arrearages. Please note, in addition, that Amended

Schedule J provides for prorated payment of past due property taxes in the amount of $1,780. per month which will reduce SPS' arrearages by approximately $50,000.

5. Has the debtor complied with all of her duties under *11 U.S.C. Sections 521, 1106, and 1107* and all applicable guidelines of the Office of the United States Trustee, and, if not, why not?

<u>Response</u>: Yes, the Debtor has fully complied with all applicable Bankruptcy Code Sections. First, Debtor has duly filed its Chapter 11 Bankruptcy Petition. Upon learning that certain numbers were inconsistent throughout, Schedules I, J, and Statement of Financial Affairs have been amended and filed. Debtor has prepared her 7 Day Package for the Trustee, which included the opening of new DIP trust accounts, *with no requests for additional or missing documents from the Trustee's Office*. Debtor has timely and properly appeared for her IDI meeting at which she answered all questions from Marilyn Sorensen, the Trustee Paralegal. The upcoming *Section 341 Hearing* is scheduled for January 8, 2024.

6. Do any parties claim an interest in cash collateral of the debtor?

<u>Response</u>: Yes, the first lender, SPS, may claim an interest in debtor's cash collateral. In particular, Debtor leases two individual bedroom suites at the subject property to her two sons, Shane and Ronald. These leases produce income of $4,550. and $1,790, collectively, $6,340., per month. Debtor owns no other income producing real property from which cash collateral issues would arise. In response to the above facts, Debtor has filed a motion per <u>Doc No. 29</u> to be heard on January 10th seeking permission of this Court for use of cash collateral.

7. Is the debtor using cash that any party claims as its cash collateral and, if so, on what date(s) did the debtor obtain an order authorizing the use of such cash or the consent of such party?

<u>Response</u>: No, it is my understanding that Debtor is retaining the monthly lease payments

- 5 -

received from her sons in her DIP account for purpose of paying this Court's anticipated Order for Payment of Adequate Protection to SPS. The Motion for Use of Cash Collateral was duly filed in this case on 12/17/2023 per Doc No. 29, which hearing will come before this Court for determination on January 10, 2024.

    c.   the identity of all professional retained or to be retained by the estate, the dates of which applications for the employment of such professionals were filed or submitted to the U.S. Trustee, the dates on which orders were entered in response to such applications…

    Response:  First, present proposed bankruptcy counsel for Debtor has filed his Application for Employment in this case on 12/14/2023 per Doc No. 23 which hearing is scheduled for January 10, 2023.  In addition, the estate intends to retain Dante Cajucon Associates as its CPA and tax advisor in this case. This professional's address and phone number is 401 N. Brookhurst St., Suite 114, Anaheim, CA92801 and 714-758-5948.  The Application to retain this professional has not yet been submitted to the Court, but will be done so within the next 2 weeks following this hearing.

    d.   in operating cases, evidence regarding projected income and expenses for the first six months of the case;

    Response:  N/A

    e.   proposed deadlines for the filing of claims and objections to claims.

    Response:  proposed deadline 45 days from the date of the January 10, 2024 hearing; formal notice to be filed/served within 7 days following the scheduled hearing.  There are very few creditors, either secured or unsecured, in this case.

    f/g. a proposed deadline for the filing of a plan and disclosure statement; and a discussion of any significant unexpired leases and executory contracts to which the debtor is a party and the debtor's intentions with regard to these leases and contracts;

- 6 -

Response:

There are 3 leases, each of which Debtor expects to approve in this case.  *The first lease of note is with Mercedes Benz which lease Debtor approves in this case.*  Of course, Debtor will also approve the 2 leases with her sons for bedroom suites at the subject property.  Proposed deadline for the filing of the original plan and disclosure statement should be no earlier than 60 days from the date of this hearing of January 10th, 2024.

h. if debtor is an individual, whether debtor proposes to combine the hearing on the disclosure statement and plan.

Response:

In this instance, the Debtor is an individual. The petition sets forth two secured creditors, one secured on the subject principal residence and one of the Mercedes Benz automobile.  It is debtor's intention to generate an agreeable loan mod with SPS, the secured real estate creditor, and debtor's wishes to affirm its lease of its automobile.  There are two unsecured creditors remaining for a total of approximately $25,500. and no other complicated issues.  As such, Debtor does propose a joint disclosure statement and plan hearing as the disclosure statement will be of a very basic, elemental nature without the apparent need for multiple amended versions due to multiple creditor objections.

DATED:  December 23, 2023         FINANCIAL RELIEF LEGAL ADVOCATES, INC.

                                   By:   /s/ John H. Bauer
                                          John H. Bauer
                                Debtor's Proposed General Bankruptcy Counsel

- 7 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4501 Cerritos Ave., Suite 101, Cypress, CA 90630

A true and correct copy of the foregoing document entitled: (*specify name of motion*) **DEBTOR'S FIRST SCHEDULING AND CASE MANAGEMENT CONFERENCE REPORT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/23/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

John H Bauer    johnbhud@aol.com,
Randall P Mroczynski    randym@cookseylaw.com
Queenie K Ng    queenie.k.ng@usdoj.gov
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:

On (*date*) 12/23/23, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. J. Theodor Albert, STE 2030, Ctrm 5B 411 W. Fourth St., Santa Ana, CA 92701

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/23/2023 | Nancy Conroy | /s/ Nancy Conroy |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 3    **F 9013-1.1.HEARING.NOTICE**

```
Maria E Sanchez
7 Star Catcher
Newport Coast, CA 92657


Credit One Bank
PO Box 60500
City of Industry, CA 91716


Department of Treasury
Internal Revenue
Ogden, UT 84201-0030


Edson Orizabal
1440 S. State College Blvd
Anaheim, CA 92805


John H Bauer , Esq
16107 W. Augusta Ave.
Litchfield Park, AZ 85340


John H. Bauer, Esq
16103 W. Augusta Ave.
Litchfield Park, AZ 85340
```

**John H. Bauer, Esq.**
```
4501 Cerritos Ave., Suite 101
Cypress, CA 90630


Mercedez Benz Financial
PO BOX 5209
Carol Stream, IL 60197-5209
```

```
Mercedez Benz Financial
PO BOX 5209
Carol Stream, IL 60197-5209


Orange County Assessors Office|
500 S Main Street
Orange, CA 92868


Ronald Maurice Sanchez
7 Star Catcher
Newport Coast, CA 92657


Select Portfolio Servicing
PO BOX 65250
Salt Lake City, UT 84165


Select Portfolio Servicing, Inc
Attn:  Remittance Processing
3217 S. Decker Lake Drive
Salt Lake City, UT 84119


Select Portfolio Servicing, Inc
Attn:  Remittance Processing
PO Box 65277
Salt Lake City, UT 84119


Shane Sanchez
7 Star Catcher
Newport Coast, CA 92657
```